### AMERICAN CENTRAL INS. CO. v. MONTGOMERY.

### No. 9069.

Court of Civil Appeals of Texas. San Antonio.

May 3, 1933.

Rehearing Denied June 7, 1933.

864

Davenport, West & Ransome, of Brownsville, for appellant.

J. E. Leslie and J. F. Carl, both of Edinburg, for appellee.

FLY, Chief Justice.

This is an action to recover on a fire insurance policy insuring a single story building, situated in an addition to Donna, instituted by appellee against appellant. It was tried by a jury on two special issues on the answers to which judgment was rendered in favor of appellee for $2,000.

The facts show that the property of appellee was insured first in the Fire Protection Company of America for $2,300, although appellee had applied for insurance in the sum of $4,000. The date of that policy was dated October 2, 1931, and was to continue for three years. Afterwards, while that policy was in full force and effect, on December 15, 1931, appellee applied for and obtained a policy on the same property from appellant, in the sum of $2,500. Appellee paid the premiums on the first policy up to and even after the property had been destroyed by fire, on January 24, 1932. It is provided in the policy sued on, "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part, by this policy." It was the contention of appellee that the provision quoted was waived by appellant's agent in a conversation in which the agent told appellee that the first policy, which was shown him, was not any good and that he would insure appellee's property for $2,500. On the next day the policy, containing the clause quoted, was obtained by appellee. He admitted that the agent of appellant told him the first policy was void, and he swore that the last policy did not insure for any amount in addition to the $2,500 named in the second policy. Still he did what he could to keep the first policy alive, as was found by the jury in answer to the second issue submitted to them. The jury answered that appellee did not state that the first policy had been canceled. The question as to whether appellee had promised to destroy the first policy on the day before the second was delivered was not submitted to the jury.

Appellee does not charge that any fraud was used to prevent him from reading the policy issued by appellant, or that he was in any way deceived as to its contents. The clause voiding the policy, if any insurance existed before or was obtained afterward, was written into the policy and it was incumbent on appellee to read his policy, and a failure to do so did not relieve him of any of the duties, penalties, or obligations contained therein. He was charged with full knowledge of the clause as to additional insurance. The contract evidenced by the policy was plain in its terms and was binding upon the parties thereto. Travelers' Ins. Co. v. Jones, 32 Tex. Civ. App. 146, 73 S. W. 978. In the face of the plain provision as to additional insurance appellee sought to keep active and in full force and effect the first policy, which rendered the second policy null and void. This conclusion is fully sustained by the Commission of Appeals in Boatner v. Insurance Co., 241 S. W. 136.

In view of the facts and the verdict of the jury, it would be impossible for appellee to legally recover on another trial and it would be totally unnecessary to remand the cause.

It is the order of this court that the judgment be reversed and judgment be here rendered that appellee recover nothing by his suit and pay all costs in this behalf expended.